UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEVERLY ANN JACKSON-MCDONALD, ) ) Plaintiff, ) ) vs. ) ) MERS GOODWILL INDUSTRIES, ) ) Defendant. ) | Case No. 4:20-CV-1291 SPM |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Beverly Ann Jackson-McDonald for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). Furthermore, for the reasons explained below, the Court will direct plaintiff to file an amended complaint in this matter.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* (or without prepayment of filing fees), if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. at 327). Allegations are clearly baseless if they are "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

### The Complaint

Self-represented plaintiff brings this employment discrimination action against her former employer, MERS Goodwill Industries, under Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq*. ECF No. 1 at 1-2. On her form complaint, plaintiff indicates that she is pursuing claims of discrimination based on her race, religion, color, gender, and age. She also asserts discriminatory conduct by defendant that includes failure to hire and promote her, termination of her employment, retaliation, harassment, and disparate terms and conditions of her employment. *Id.* at 4-5. Plaintiff also alleges that defendant treated her unfairly because, as part of her religion, she takes good care of herself. *Id.* at 5 ("I keep myself a person that take[s] care [of themselves] well – my religion.").

>Plaintiff's factual allegations are best stated in her own words:
>
>[F]irst of all they call themselfs – teams – sex partners – team exquisite – orgys[.] Pretend [that] you are a manager, supervisor, trainer – by having oral sex – playing with each other souls when [you] turn them down – they get together and fire you. [T]hat [is] against my religion and my rights to work (without all of that harassment.)
>
>[M]y rights [are] being infringed on when I'm being suttle [sic] approach and that what – they did at Goodwill Industries against my job[.] I was let go because I would not go along with orgys to keep my jobs.
>
>They go both ways sexually – stated by them.
>
>She illegally called police on me. I called a lawyer right at that time before left. I do not have to give up my moral[s] and values to work.

*Id.* at 5-6.

In terms of timing, plaintiff alleges that the discrimination occurred around November 6 and 18, 2019. *Id.* at 3. However, she also alleges that defendant has interfered with her employment since 2006 – asserting that every time she has been employed since then, she has been fired "for not being a part of the team sex." *Id.* at 2. Plaintiff also states that she has lost income due to this employment interference which "follow[s her] from company to company [in] retaliation for fil[ing] complaint against them." *Id.* at 4.

Plaintiff attached to her complaint the right-to-sue letter, dated August 10, 2020, which she received from the Equal Employment Opportunity Commission ("EEOC") regarding her allegations of discrimination against defendant MERS Goodwill Industries.  ECF No. 1-3.  Plaintiff also attached EEOC right-to-sue letters and charges of discrimination from 2019, against three non-party defendants to this action.[1]  *See* ECF Nos. 1-4 to 1-8.  In all the charges of discrimination, plaintiff alleges employment discrimination based on her "refus[al]" or "reluctance to perform oral sex."  ECF Nos. 1-7 to 1-9.

For relief, plaintiff wants her "religious right" and "employment rights" at peace.  She also seeks financial compensation due to her lost income, but she does not state a monetary amount.  *Id.* at 7.

## Discussion

Based on a careful review and liberal construction of the filings before the Court, plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2).  However, because plaintiff is self-represented, the Court will give her another opportunity to cure her pleadings deficiencies.  Plaintiff should consider the following when filing her second amended complaint.

The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits employers from discriminating against individuals who are forty years or older, because of their age.  29 U.S.C. §§ 623, 631.  In order to establish a prima facie case under the ADEA, a plaintiff must show: (1) she is over forty; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated

---

[1] In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

- 4 -

more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). Here, plaintiff meets the first requirement, as she was born in 1960. ECF No. 1 at 5. However, plaintiff states no facts indicating that a younger, similarly situated employee was treated differently. Plaintiff alleges that her discriminatory treatment was based on her refusal to participate in group sex or perform oral sex – actions that have nothing to do with her age. As such, plaintiff fails to state a claim for relief under the ADEA.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual because of her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. To establish a prima facie case of Title VII discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). A plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[2] burden shifting framework. *Onyiah v. St. Cloud State University,* 684 F.3d 711, 716 (8th Cir. 2012) (citation omitted).

Plaintiff's allegations fail to meet these requirements and she provides no evidence of discrimination. Plaintiff does not allege that she was discriminated against based on any of the Title VII characteristics. In fact, plaintiff never specifies her own race, color, religion, or sex; nor does plaintiff allege membership in any protected class. This Court cannot assume facts that are not alleged in the complaint. *Stone*, 364 F.3d at 914-15. Plaintiff also never details any disparate treatment, as the complaint is void of any allegation that similarly situated employees of a different race, color, religion, sex, or national origin were treated more favorably.

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Plaintiff does allege that her refusal to participate in group sex and oral sex at work lead to her termination.  To state a claim of Title VII harassment, plaintiff must allege that: (1) she is a member of a protected group; (2) that there was unwelcome harassment; (3) that there was a casual nexus or connection between the harassment and her membership in the protected group; and (4) that the harassment affected a term, condition, or privilege of employment.  *See Watson v. CEVA Logistics U.S., Inc.*, 619 F.3d 936, 942 (8th Cir. 2010) (citation omitted).  "Sexual harassment is quid pro quo if a tangible employment action follows the employee's refusals to submit to a supervisor's sexual demands."  *Anderson v. Family Dollar Stores of Ark., Inc.*, 579 F.3d 858, 863 (8th Cir. 2009) (quoting *Henthorn v. Capitol Commc'ns, Inc.*, 359 F.3d 1021, 1026-27 (8th Cir. 2004)).

In this case, it is not clear from the complaint who made sexual demands on plaintiff.  Plaintiff uses the term "they" throughout her complaint but never names the person or persons making demands or describes the person or persons as holding a supervisory position over her.  Plaintiff states that "every time I get employed [since] 2006 they fire me for not being a part of the team sex."  ECF No. 1 at 2.  She alleges that when she "turn[]ed them down - they get together and fire you."  *Id.* at 5-6.  Plaintiff also references a "she" who allegedly "illegally called [the] police" on plaintiff.  *Id.* at 6.  But, again, it is unclear who "she" is and if the calling of the police had anything to do with sexual demands.  Furthermore, plaintiff claims that she has been fired from every job since 2006 because of this problem, but she does not explain how this relates to her more recent employment with defendant MERS Goodwill.  In order for a claim of quid pro quo sexual harassment to survive initial review, plaintiff needs to provide detailed factual allegations as to the sexual demands made of her, who made the demands, and how those demands relate to employment action taken by defendant.

Due to the pleading deficiencies described above, the Court will order plaintiff to amend her complaint.  Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint, and so it must include all claims plaintiff wishes to bring.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").  Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered.  *Id*.

Plaintiff should type or neatly print her amended complaint on the court-provided form.  *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").  If the amended complaint is handwritten, the writing must be legible.  Plaintiff should make sure to fully complete the form and provide all required information.  Plaintiff should specify all legal grounds for her employment discrimination lawsuit and provide all required information for each named defendant.  Plaintiff should detail all facts and describe specific conduct that she believes is discriminatory.  Plaintiff is required to set out not only her alleged claims in a simple, concise, and direct manner, but also the facts supporting her claims as to each named defendant.  The amended complaint must comply with the Federal Rules of Civil Procedure.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  A claim must survive § 1915 review in order for plaintiff to proceed in this lawsuit.  If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**Appointment of Counsel**

Finally, plaintiff has filed a motion for appointment of counsel. ECF No. 3. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate her claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as initial review has not been completed, defendant has not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the court-provided form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

**Plaintiff's failure to comply with this Order may result in the dismissal of this action without prejudice and without further notice.**

　　　　　　　　　　　　　　　　　　　　／s／ Shirley P. Mensah
　　　　　　　　　　　　　　　　　　　SHIRLEY PADMORE MENSAH
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of December, 2020.